# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN SHINTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-13-1014-D |
| ) | |
| TIM WILKINSON, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner brought this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his State court conviction and sentence. United States District Judge Timothy D. DeGiusti then referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

Consistent with that referral and pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the undersigned promptly examined the petition and integrated attachments, and, as it appears that the petition is time-barred under 28 U.S.C. §2244(d), recommends that it be dismissed upon filing.

## I.  Background.

The petition and integrated attachments establish that on April 8, 1994, a Garvin County jury convicted Petitioner of second-degree murder, and received

a life sentence with the possibility of parole. Doc. 1, at 1-2 (referencing Garvin County Case No. CRF-1993-20).[1] On direct appeal, No. F-1994-931, the Oklahoma Court of Criminal Appeals (OCCA) affirmed that conviction by unpublished opinion issued on January 18, 1996. *Id.* at 2. Petitioner did not seek certiorari in the United States Supreme Court. *Id.*

On August 17, 2011, some fifteen years after the OCCA affirmed his conviction, Petitioner applied for post-conviction relief in Garvin County district court; on May 16, 2012, the court denied the application. *Id.* at 3, Attach. 1. The OCCA, No. PC-2012-510, affirmed that denial on September 26, 2012. Doc. 1, at 3-4, Attach. 2.

Petitioner then filed this application seeking federal habeas relief on September 10, 2013, Doc. 1, at 14, claiming (1) the admission of his written confession into evidence violated his Fourteenth Amendment rights, (2) he confessed when he was in a state of mental and physical duress, and (3) the false testimony of a law enforcement official violated his fundamental right to a fair trial. *Id.* at 5, 6, 8. Petitioner incorporates his "Brief in Support," to supply the factual support for each of the three grounds. Doc. 1, at Attach. 3.

---

[1] Page citations to the petition are in sequential order and reflect this court's CMECF pagination. The integrated attachments are identified by their CMECF designation.

## II. Screening Requirement.

Under Rule 4 of the Rules Governing Section 2254 Cases, the court is required to promptly examine a habeas petition and to summarily dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing § 2254 Cases. This rule allows the district court to raise the issue of timeliness of a petition for writ of habeas corpus sua sponte, if untimeliness is "clear from the face of the petition." *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1085 (10th Cir. 2008); *Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition.").

"[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Petitioner has such notice by this Report and Recommendation, and he has an opportunity to present his position by filing an objection to the Report and Recommendation. Further, when raising the issue sua sponte, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Id.* (internal quotation marks omitted); *Thomas v. Ulibarri*, 214 F. App'x. 860, 861 n.1 (10th Cir. 2007);

3

*see Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (unpublished op.) (noting no "due process problem" concerns with the magistrate judge raising an issue sua sponte where petitioner could "address the matter by objecting" to the report and recommendation).

**III. Analysis.**

**A. The AEDPA limitation period.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets forth a one-year period of limitation for habeas petitioners who are in State custody. The statute provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise

4

of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The pre-printed habeas form that Petitioner completed provided this exact statutory language as well as clear notice of the 1-year period of limitation.  Doc. 1, at 13.

As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by § 2244(d)(1)(A) unless the petitioner alleges facts which would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D).  Additionally, in calculating the limitation period for actions under 28 U.S.C. § 2254, federal courts are required to toll the time a petitioner spent seeking "State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ."  28 U.S.C. § 2244(d)(2).  Here, over seventeen years elapsed between the date Petitioner's judgment became final – April 17, 1996[2] – and September 10, 2013, the date Petitioner filed his

---

[2] Petitioner's conviction became final on April 17, 1996, ninety days after January 18, 1996, the date the OCCA affirmed the conviction on direct review.  *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001) (holding a conviction is final when, "following a decision by the State court of last resort . . . the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed") (quotation omitted); U.S. Sup. Ct. R. 13.  Although Petitioner would ordinarily have had one year from that date to file his habeas petition, because his conviction became "final" before the April 24, 1996 effective date of the AEDPA, he received the benefit of a one-year grace period, or until April 24, 1997, to so file.  *Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998).

application in this Court. Accordingly, this "petition is untimely absent statutory or equitable tolling." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

**B.    Statutory tolling.**

**1.    Petitioner's explanation of timeliness of his petition.**

If a petitioner's conviction became final over a year before he files his petition, the form petition requires him to "explain why the one-year statute of limitations as contained to 28 U.S.C. § 2244(d) does not bar [his] petition." Doc. 1, at 13. Here, Petitioner offered this explanation:[3]

> Petitioner as not able to fully exhaust his state remedies until after he obtained his transcripts in 2011. After he had documantation of the wrong perpetrated upon him in his case at trial, he filed his post conviction. The denial and subsequent affirming of his issues before the sate courts completed the process for exhaustion of state remedies.
>
> Furthermore, Petitioner's claims are in regard to his Fundamental Constitutional rights to a fair trial. His basic rights have been violated. If it were not for these violations Petitioner would not have been found guilty at trial, or his culpability in this crime substantially mitigated. The fact that his basic and fundamental rights to a fair trial have been blatently comprimised, he believes is sufficient for a review to be had by the federal court, who is the ultimate protecter of citizens constitutional rights, and overseeer of the courts of this country. Petitioner should not have been convicted of a crime in the manner that he was, nor his rights prior to trial violated in the manner that they were, and the court

---

[3]    Unless otherwise indicated, quotations in this report are reproduced verbatim.

6

>ignore the fact that was clearly established by testimony and video recording of the violation of his fundamental due process rights.

*Id.*

### 2. Section 2244(d)(1)(B).

The undersigned liberally construes Petitioner's argument as one implicating § 2244(d)(1)(B), which provides that the one-year limitation period starts to run on "the date on which [an] impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Specifically, Petitioner alleges he was unable to fully exhaust his State remedies through a post-conviction application "until after he obtained his transcripts in 2011 [and that a]fter he had documantation of the wrong perpetrated upon him in his case at trial, he filed his post conviction." Doc. 1, at 13. Thus, Petitioner implicitly "claims statutory tolling." *Clark*, 468 F.3d at 714. He does not, however, allege any unconstitutional action by the State in connection with obtaining the trial transcripts or explain how any such State action "impeded him from filing a timely habeas petition or a petition for State post-conviction relief" during the many years following the denial of his direct appeal in 1996.[4] *Freeman v. Zavaras*, 467 F. App'x 770, 775

---

[4] Nothing appears on the docket sheet in Petitioner's criminal case
(continued...)

7

(10th Cir. 2012) (citing *Clark*, 468 F.3d at 714). Thus, any reliance by Petitioner on § 2244(d)(1)(B) to statutorily toll the one-year limitations period is unavailing.

### 3. Section 2244(d)(1)(D).

In addition, the undersigned liberally construes Petitioner's allegations in his incorporated brief and exhibits thereto, Doc. 1, at Attach. 3, as implicating § 2244(d)(1)(D). That section provides that the one-year limitation period does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

---

[4](...continued)
indicating that any State action, unconstitutional or otherwise, impeded his ability to obtain transcripts or to pursue his requests for collateral relief. Rather, the docket sheet reflects that Petitioner exchanged letters with the district court regarding the cost of transcript copies in August and September 2006 but did not request copies after being advised of the cost. http://www1.odcr.com/detail?court=025-&casekey=025-CRF+9300020. Two years then passed before Petitioner came back to State district court in August 2008 to request copies of the transcript of his adult certification hearing. *Id.* He submitted a check which was returned to him with a letter, and for another two-year period, he took no further action to obtain any transcript. *Id.*

In October 2010, Petitioner once again requested a copy of the adult certification transcript and "one other." *Id.* More letters were exchanged and, on January 3, 2011, the district court waived the $129.65 balance due for the transcript. *Id.* Then, on January 24, 2011, Petitioner filed a motion for transcripts at public expense and began receiving "copies" in response to his letter requests. *Id.* The State responded to the motion on May 17, 2011, and, on May 23, 2011, an order was issued. *Id.* Petitioner filed his post-conviction application three months later, on August 17, 2011. *Id.*

8

Petitioner's argument implicitly invoking this section contends that he was convicted as a result of the improper admission of an involuntary written statement – that is, his written confession, Doc. 1, Attach. 3, at Ex. D – which he was coerced into making while incoherent and which he now claims he neither wrote nor signed. *Id.*, Attach. 3, at 2-3. He maintains that one of the factors supporting his claims was "brought out at trial [and t]he other having come to light only recently, with underlying support in the testimony at trial, and (Exhibit B)." *Id.* at 13. That exhibit is an affidavit signed by Joey D. Williams on February 11, 2011, stating that he wrote out Petitioner's alleged involuntary statement in January 1993, and further stating that the statement was never signed.[5] Doc. 1, Attach. 3, at Ex. B. According to Petitioner, a law enforcement official testified at trial "that he witnessed the Petitioner write out his confession." Doc. 1, Attach. 3, at 19. He contends his conviction was built upon [that law enforcement officer's] false testimony . . . ." *Id.* at 23.

Charitably casting Petitioner's argument that he had one year from the date of the Williams' affidavit to seek federal habeas relief and also assuming the requisite exercise of due diligence, that date, February 11, 2011, would be "the date on which the factual predicate of the claim or claims presented could

---

[5] Nonetheless, Affiant Williams also states that he "wrote word for word what [Petitioner] said." Doc. 1, Attach. 3, at Ex. B.

9

have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The one-year limitation period would then start to run on February 11, 2011, and, giving Petitioner the benefit of all possible tolling, would be tolled 187 days later when he sought post-conviction review in district court on August 17, 2011. Doc. 1, at 3. The one-year period would begin to run again on September 26, 2012, after the OCCA affirmed the district court's denial of post-conviction relief, *id.* at 4, and expire 178 days later on March 22, 2013, approximately six-months before Petitioner filed his habeas application in this Court. Thus, any reliance by Petitioner on § 2244(d)(1)(B) to statutorily toll the one-year limitations period is unwarranted.

### C. Equitable tolling.

The period of limitation also "may be subject to equitable tolling" under circumstances where application of the period of limitation would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) ("hold[ing] that § 2244(d) is subject to equitable tolling in appropriate cases"). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418

10

(2005)). Consequently, equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

"[E]quitable tolling is appropriate 'when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Freeman*, 467 F. App'x at 776 (quoting *Gibson*, 232 F.3d at 808)). To justify equitable tolling, the petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). "Moreover, a petitioner must diligently pursue his federal habeas claims . . . ." *Gibson*, 232 F.3d at 808.

Here, the petition provides no facts from which the court could find that there are "rare and exceptional" circumstances warranting equitable tolling. *Id*. Petitioner does not claim he is factually innocent of shooting his victims – rather, he asserts error surrounding the admission of his purported confession. Doc. 1. He references his "below normal intelligence, and comprehensive abilities" as tested in 1993, Doc. 1, Attach. 3, at 3-4, Ex. A, but "does not contend . . . that a constitutional violation has resulted in the conviction of one who is actually . . . incompetent." *Miller*, 141 F.3d at 978. And, while contending that he "was not able to fully exhaust his state remedies until after he obtained his

transcripts in 2011," Petitioner does not describe any diligent effort to obtain the transcripts after his direct appeal was denied. Doc. 1, at 13. Neither does he explain "why he did not file his federal habeas petition within the [178] days after the state appellate court affirmed the denial of his post-conviction application." *Gibson*, 232 F.3d at 808. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003); *Sigala*, 656 F.3d at 1128 (requiring petitioner to "vigorously attempt[] to ensure his habeas petition was timely filed").

## IV. Recommendation and notice of right to object.

For the reasons stated, the undersigned recommends Petitioner's application for a writ of habeas corpus be dismissed as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before December 24, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk of Court is directed to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 4th day of December, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE