IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAWN SHINTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-1014-D |
| | ) | |
| TIM WILKINSON, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 10], issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Upon initial review of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Judge Mitchell finds that the Petition is untimely and recommends that it be dismissed upon filing. Within the extended time period granted by the Court, Petitioner has filed an objection with attached exhibits. The exhibits reflect Petitioner's efforts in state court beginning in January, 2011, to obtain materials from his 1993 criminal case; they will be considered as part of his timely objection. The Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, who appears *pro se*, seeks to challenge a second-degree murder conviction and life sentence with possibility of parole imposed in June, 1994. The conviction and sentence were affirmed on direct appeal in January, 1996. Petitioner did not file an application for post-conviction relief until August, 2011. The application was denied in May,

2012, and the denial was affirmed on September 26, 2012. The Petition in this case was filed on September 10, 2013.

Giving Petitioner every benefit of reasonable inferences from his *pro se* pleading and attachments to it, Judge Mitchell finds that a one-year limitation period of 28 U.S.C. § 2244(d)(1) might have begun on February 11, 2011. On that date, a witness executed an affidavit providing facts to support Petitioner's claim that his written confession was involuntary, and contradicting the testimony of a trial witness for the prosecution. After calculating the running of the limitations period under § 2244(d)(1)(D), however, Judge Mitchell concludes that Petitioner's federal court filing is untimely and there is no basis for equitable tolling.

In his Objection, Petitioner does not challenge Judge Mitchell's conclusion that the factual basis of his involuntary confession claim was known to him in February, 2011. In fact, Petitioner states that the witness's affidavit was "newly discovered evidence in direct conflict with testimony provided by law enforcement officers, . . . [t]he fact of which permitted him to file under State law an application for post-conviction relief." *See* Objection [Doc. No. 13] at p. 2. An attachment to his Objection shows Petitioner's efforts to obtain a copy of his trial transcript had been successful by that date. In a "Motion for Transcripts at Public Expense" filed in state court in January, 2011, Petitioner requested a list of additional records and materials but wrote: "I received jury trial transcripts already as of 1-14-11." *See* Objection, attach. 2 [Doc. No. 13-2] at p. 2.

Petitioner explains that his subsequent delay in filing his state court application for post-conviction relief was caused by his efforts to obtain other materials and to prepare his application. Petitioner emphasizes his lack of legal training and resources, and states: "It was always Petitioner's understanding that he had one year from the time the State denied his post-conviction relief application to file an appeal of that denial in federal court." *See* Objection [Doc. No. 13] at p. 5. Petitioner notes that he filed his federal habeas petition approximately one year after the Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief. Also, elsewhere in his Objection, Petitioner complains about the quality of legal assistance provided at the Davis Correctional Facility where he has been confined since 2008. He also argues the merits of his constitutional claims, but he does not assert a claim of actual innocence.

Upon *de novo* consideration of the issues presented by Petitioner's Objection, the Court fully concurs in Judge Mitchell's finding that the Petition is time barred. The one-year period of § 2244(d)(1)(D) runs from "the date on which the factual predicate of the claim or claims presented could have been discovered with reasonable diligence." Petitioner concedes that the factual predicate of his claim was fully known to him on the date of the witness's affidavit. Petitioner's mistaken belief that he had one year from the completion of state court proceedings to file a federal habeas petition, and that the six months spent preparing his state court application did not count, is simply wrong. "[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (internal

3

quotation omitted)). Further, "[t]he fact that an inmate law clerk was assisting in drafting the state petition does not relieve [Petitioner] from the personal responsibility of complying with the law." *Id.* at 1221. Thus, Petitioner's arguments present no basis for equitable tolling of the federal limitations period.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED in its entirety. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is DISMISSED upon filing as untimely. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court

4

finds the requisite standard is not met in this case. Therefore, a COA will be denied. The denial shall be included in the judgment.

IT IS SO ORDERED this 27th day of January, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE